**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0022-22

JOHN LONGINETTI,

    Plaintiff-Respondent,

v.

OCEAN CASINO RESORT,

    Defendant-Appellant.

_____

Argued September 18, 2023 – Decided January 11, 2024

Before Judges Gilson and DeAlmeida.

On appeal from the Superior Court of New Jersey, Atlantic County, Law Division, Docket No. SC-000255-22.

Michelle Barbara Cappuccio argued the cause for appellant (Reilly, McDevitt & Henrich, PC, attorneys; Michelle Barbara Cappuccio and Jessica Suzanne Injaian, on the briefs).

John Longinetti, respondent, argued the cause pro se.

PER CURIAM

Defendant Ocean Casino Resort (OCR) appeals from the August 8, 2022 judgment of the Special Civil Part awarding plaintiff John Longinetti monetary damages for the repair of a broken tooth. We reverse.

I.

OCR operates a casino in Atlantic City. On March 26, 2022, Longinetti was a patron at the casino. He was served a virgin bloody mary while gambling at slot machines on the casino floor. The drink was prepared with non-skewered olives stuffed with pimentos. Unbeknownst to Longinetti, one of the olives had a pit. When Longinetti poured that olive into his mouth and bit down, his tooth broke. OCR subsequently refused to reimburse Longinetti for the expenses he incurred at the dentist to repair his tooth.

On June 27, 2022, Longinetti filed a complaint in the Special Civil Part alleging OCR's negligence caused the injury to his tooth. The complaint demanded $1,058.13, plus costs.

Longinetti was the only witness at trial. He testified that "normally" OCR served a virgin bloody mary with three or four stuffed olives with a skewer through the olives. However, on the day in question,

> the olives were floating in the cup; they weren't on a
> pick, so I had to like try to drink them out of the cup
> and you eat them that way, and, when I bit the one, it
> had a pit in it, which is weird, because I probably had

thousands of olives and never had one with a pit, but this one happened to have a pit in it. It broke my tooth.

Longinetti explained that "my contention is that the bartender preparing the drink should have skewered the olives and would have known there was a pit in the olive and thrown it away. I wouldn't have had . . . this problem."

OCR denied liability and suggested Longinetti contact Driscoll Foods (Driscoll), the vendor from whom OCR purchased the olives used to prepare his drink. After an initial conversation with a representative of Driscoll, Longinetti elected not to pursue damages against that entity on a theory of product liability.[1]

Longinetti testified that his tooth was repaired at a cost of $1,578.50, of which $695.50 was paid by insurance. Longinetti, therefore, paid $883 out of pocket to repair his tooth.[2] He testified that "I just want to be paid . . . my expenses that I put out for my tooth that wasn't covered by insurance."[3]

---

[1] In summation, OCR's counsel said that "[t]he olives at issue were advertised as pimento-stuffed[,] clean-pitted olives ordered from Driscoll Foods." There was, however, no evidence in the record supporting that statement.

[2] Longinetti was not questioned with respect to the inconsistent demand in the complaint for $1,058.13.

[3] Longinetti also sought $42.63 for the cost of an ink cartridge he purchased for his printer to produce correspondence and pleadings related to his claim. The court declined to award Longinetti any damages related to the ink cartridge.

A-0022-22

At the conclusion of the trial, the court issued an oral opinion, which, in its entirety, provided:

> [c]ounsel's argument is unique, perhaps correct that it's a products liability (sic), but it's also a negligence matter. And [OCR] was certainly capable of including as a party, a third-party defendant, the maker of the olives, Driscoll . . . . Failing to do that, [OCR] would be the only one liable.
>
> I find there was negligence. Evidently – and I learned something about [b]lood [m]ary[s] -- . . . but evidently they are made with skewers and this one somehow the bartender missed it. I don't think it was on purpose.
>
> So I'm going to find in favor of the plaintiff and enter judgment . . . .

The court found that Longinetti was entitled to $1,546, which it determined to be the cost of the dental work, including the amounts paid by Longinetti's insurance carrier.[4] The court rejected OCR's argument that the award should be reduced by the amount covered by insurance, reasoning that "[i]t's not a deduction, because he does pay for his insurance." The court also awarded costs. An August 8, 2022 judgment memorializes the court's decision.

This appeal followed. OCR argues: (1) there is no support in the record, other than Longinetti's testimony regarding his experience being served drinks

---

[4] It is not clear how the court arrived at $1,546, as the evidence established that the total cost of repairing Longinetti's tooth was $1,578.50.

4                                                                                    A-0022-22

at OCR, for the trial court's conclusion that OCR had a duty to use skewered, pitted olives to prepare a virgin bloody mary; (2) Longinetti was required to name Driscoll as a defendant under the entire controversy doctrine; (3) the trial court unjustly precluded OCR from impleading Driscoll as a third-party defendant; and (4) the trial court erred by permitting Longinetti to recover damages duplicative of benefits he received from his insurance carrier contrary to N.J.S.A. 2A:15-97.

## II.

Our scope of review of the judge's findings in this nonjury trial is limited. We must defer to the judge's factual determinations, so long as they are supported by substantial credible evidence in the record. Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). This court's "[a]ppellate review does not consist of weighing evidence anew and making independent factual findings; rather, [this court's] function is to determine whether there is adequate evidence to support the judgment rendered at trial." Cannuscio v. Claridge Hotel & Casino, 319 N.J. Super. 342, 347 (App. Div. 1999). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

5

We have carefully reviewed the record and are constrained to conclude that the trial court made a legal error requiring reversal of the judgment. "To sustain a cause of action for negligence, a plaintiff must establish four elements: '(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008)). A "plaintiff bears the burden of establishing those elements by some competent proof." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (citation and internal quotations omitted).

The trial court concluded that OCR had a duty to use skewered, pitted olives to prepare Longinetti's drink. There was, however, no credible evidence in the record supporting that conclusion. The only evidence relating to the preparation of a virgin bloody mary was Longinetti's testimony that in his experience OCR served the drink with skewered, pitted olives. OCR's apparent past practice of using skewered, pitted olives is not the equivalent of a legal duty for the casino to use skewered, pitted olives every time it prepares a virgin blood mary. The record contains no evidence that a virgin bloody mary can be safely prepared only through the use of skewered, pitted olives, that skewering olives is the accepted method of ensuring they are pitted, or that serving a virgin bloody

A-0022-22

mary with an unpitted, non-skewered olive constitutes a breach of duty to a customer who orders the drink.

Nor does the record support the trial court's conclusion that OCR's breach of this purported duty was the cause of Longinetti's injury. Longinetti testified that he was aware that the olives in his drink on the day in question were not skewered but were "floating in the cup." Despite his knowledge of what he claims to be a departure from the required practice of skewering olives to ensure they are pitted, Longinetti elected to pour the olives from the cup into his mouth and bite down. Given his admission, he appears to have assumed the risk that the olives had pits.

In the absence of evidentiary support for the duty imposed on OCR by the trial court, and because the court's conclusion that OCR's breach of that purported duty caused Longinetti's injury is not supported by the record, the judgment is reversed and vacated. In light of these conclusions, we need not address the remaining arguments raised by OCR.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0022-22